IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY BLACKBURN, | ) | |
| ID # 46001-177, | ) | |
|     Movant, | ) | No. 3:16-CV-0052-B-BH |
| vs. | ) | No. 3:13-CR-0071-B |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Amended Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, should be **DENIED** with prejudice.

### I. BACKGROUND

Jeremy Blackburn (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-71-B. The respondent is the United States of America (Government).

**A.   Plea and Sentencing**

On March 12, 2013, Movant pleaded guilty to an information filed on February 22, 2013, that charged him with transporting and shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1). (*See* docs. 1, 11, 48.)[1]

The factual resume stated that on February 25, 2012, a Mesquite Police Department detective conducted an undercover operation to identify people who participated in the distribution of child pornography through peer-to-peer sharing networks. (*See* doc. 5.) The detective identified a computer, which turned out to be Movant's, that was sharing images and videos of child

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-71-B.

pornography. The detective downloaded two images of child pornography, including the image that was the basis of the offense alleged in the information. On several dates from February to July 2012, the detective downloaded additional images and videos of child pornography from Movant's shared files. On each date, the number of files available for sharing had increased. Based in part on the downloads of child pornography, the detective obtained and executed a search warrant of Movant's residence on July 20, 2012, and seized a computer. The computer was later found to contain images and videos of child pornography. The detective asked Movant whether he would consent to speak to him, and he agreed and went to the police department. He admitted that the seized computer was his, that he had a peer-to-peer sharing program on his computer and knew how it worked, that he used the internet and the file sharing program to download child pornography, and that others were able to download child pornography from his shared folder.

In the factual resume, Movant admitted that he knowingly transported, attempted to transport, and shipped child pornography using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including by computer. (*See* doc. 5 at 2.) He admitted that the image of child pornography alleged in the information was shipped and transported using the internet, which was a means of interstate commerce. He also admitted that when that image was transported, he had over 600 other images and videos of child pornography available to share with the file-sharing program. Finally, he admitted that he sought, received, and possessed images and videos that included bondage and other sadistic acts involving minors. (*See id.* at 2-4.) During the plea colloquy, he reaffirmed that the facts listed in the factual resume were true. (*See* doc. 48 at 31.)

In a plea agreement, Movant waived his rights, such as the right to trial by jury, to confront witnesses against him, and against self-incrimination. (*See* doc. 4 at 1.) He waived his right to

contest his conviction and sentence, except that he could bring a direct appeal of a sentence exceeding the statutory maximum, an upward departure from the sentencing guideline range, or an arithmetic error at sentencing, or a claim of ineffective assistance of counsel. (*See id.* at 5.) In return for the guilty plea, the government agreed not to bring any additional charges based on the conduct related to the guilty plea. (*See* doc. 4 at 4.)

On May 2, 2013, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2012 United States Sentencing Guidelines Manual (USSG). (*See* doc. 21-1 at 13, ¶ 49.) It calculated a base offense level of 22, with a two-level increase under USSG § 2G2.2(b)(2) because the child pornography involved minors under the age of 12. (*See id.* at 12-13, ¶¶ 50-51.) It assessed a five-level increase under § 2G2.2(b)(3)(B) because Movant distributed child pornography for the receipt, or the expectation of receipt, of a thing of value. (*See id.*, ¶ 52.) Four levels were added under § 2G2.2(b)(4) because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence performed on minors. (*See id.*, ¶ 53.) Two levels were added under § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service. (*See id.*, ¶ 54.) The offense level was increased by five levels under § 2G2.2(b)(7)(D) because Movant possessed more than 600 images of child pornography. (*See id.*, ¶ 55.) There were images of sexual abuse and exploitation of infants and small toddlers who were vulnerable victims because they were unable to resist or object to the abuse and were susceptible to the abuse and exploitation. Because Movant knew or should have known that a victim of the offense was a vulnerable victim, two offense levels were added under USSG § 3A1.1(b). (*See id.*, ¶ 56.) The total offense level was 42, and with a criminal history category of one, the resulting guideline range was 360 months' to life imprisonment. (*See id.* at 23, ¶ 98.) The statutory maximum sentence was 20 years' imprisonment, so the sentence guideline was 240 months' imprisonment. (*See id.*).

At the sentencing hearing on July 18, 2013, the court sustained Movant's objection to the lack of credit for acceptance of responsibility and granted a three-level decrease. (*See* doc. 50 at 20.) The court sustained Movant's objection to the five-level increase for distribution in expectation of a thing of value, but it found that the two-level increase for distribution under § 2G2.2(b)(3)(f) was appropriate. (*See id*. at 29-30; doc. 37 at 1.) The result was an offense level of 36 with a guideline range of 188-235 month's imprisonment. (*See id*. at 30.)

A psychologist testified that Movant was unlikely to commit a sexual offense in the future. (*See id*. at 49.) He testified that the recidivism rate for possessors of child pornography without a prior criminal history was from 40-60%. (*See id*. at 55.)

The detective testified in part to the following:

Q: Now, I believe when I discussed some of this case with you, that you knew where Mr. Blackburn was on a scale of however many people are doing this in your investigations as being either a minor player in this world or a pretty high player as far as that six-month period that we are talking about. Can you explain that?

A: As far as on the Gnutella network, he ranked in the State of Texas as the number two downloader in the last of 180 days at the time of the search warrant and number ten nationally.

...

Q: So it's not that he was just some low-level person at that time.

A: Correct.

Q: And now, again, just to be fair, we are not saying he was the number two child pornography downloader, it was just what he was downloading that made him the number two person; is that correct?

A: Yes, ma'am.

(*See id*. at 59-60.)

After considering all the sentencing factors of 18 U.S.C. § 3553, (*see id*. at 72), the court

sentenced Movant to 188 months' imprisonment, (*see* doc. 38 at 2). He appealed, counsel's motion to withdraw was granted, and the appeal was dismissed because it did not present any nonfrivolous issue. (*See* doc. 54); *United States v. Blackburn*, 13-10826 (5th Cir. Oct. 10, 2014.)

**B.     Substantive Claims**

Movant's initial § 2255 motion was received on January 8, 2016. (*See* 3:16-CV-52-B, doc. 1.) His amended § 2255 motion, received on May 9, 2016, raises the following grounds:

(1) Trial counsel was ineffective because he:

>   (a) failed to file a motion to suppress Movant's confessions because there were no *Miranda* warnings during custodial interrogation and he was not made aware of the nature of the investigation;
>
>   (b) failed to file a motion to suppress evidence obtained in a search and seizure where the search warrant was not presented to Movant or the property owner before or during the search;
>
>   (c) waived an indictment and the federal government had no jurisdiction over the state government's unreliable evidence;
>
>   (d) failed to pursue and secure a plea agreement for a lesser offense or possession or receipt of child pornography;
>
>   (e) failed to object to perjured testimony during the sentencing hearing and have information corrected in the factual resume and PSR;

(2) The court violated his right to due process by considering the sentencing guidelines to be mandatory, and the court failed to properly consider and balance the sentencing factors;

(3) The court engaged in impermissible double counting when it enhanced the sentence by two levels under USSG § 3A1.1(b).

(*See id*. doc. 10 at 7-8, 11.) Respondent filed a response on July 11, 2016. (*See id*. doc. 16.) Petitioner filed a reply on August 18, 2016. (*See id*. doc. 17.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the

6

*Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274,

282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.     Confession**

Movant contends that counsel should have filed a motion to suppress his confession because there were no *Miranda* warnings during the custodial interrogation, and he was not made aware of the nature of the investigation. He claims that officers broke into his residence with guns drawn and handcuffed him while they conducted a 45-minute search. He was taken to the front porch and uncuffed. The detective asked him if he would go with them to the police station and answer some questions, and he agreed. At the police station, he was taken to a windowless room and told that he was free to leave. He was not given *Miranda* warnings, and the interrogation lasted over two hours. When the interrogation ended, the detective called his mother to pick him up, and he left. (*See* 3:16-CV-52-B, doc. 11 at 4-6.)

Under *Miranda v. Arizona*, 348 U.S. 436 (1966), "to preserve the privilege against self-incrimination, law enforcement officials must inform a suspect in custody of his right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to retained or appointed counsel." *United States v. Courtney*, 463 F.3d 333, 336 (5th Cir. 2006) (citing *Miranda*, 384 U.S. at 444). *Miranda* warnings must be administered before a custodial interrogation. *United States v. Chavira*, 614 F.3d 127, 133 (5th Cir. 2010). A suspect is "in custody" for *Miranda* purposes "when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *United States v. Cavazos*, 668 F.3d 190, 193 (5th Cir. 2012). Generally, statements obtained during custodial interrogation when the defendant was not provided adequate *Miranda* warnings are inadmissible. *Courtney*, 463 F.3d

at 336. If a defendant voluntarily gives a statement to police in a non-custodial situation, the defendant need not be advised of his *Miranda* rights. *Id.*

Movant stated in his factual resume that the detective asked him whether he would consent to speak to detectives, and he agreed. (*See* doc. 5 at 3.) He now also states that he was told that he was free to leave. Although he claims that he was handcuffed, he states that the handcuffs were removed before he was asked if he would consent to questioning.

In *United States v. Teer*, No. 4:15-CR-176, 2016 WL 2344768 (E.D. Tex. Mar. 8, 2016), *rec. adopted*, 2016 WL 1756836 (E.D. Tex. May 3, 2016), the court denied a motion to suppress, finding that an interrogation was non-custodial where the defendant was handcuffed outside his home for the officer's safety, the officers took him inside his home and removed the handcuffs before questioning, and he was told that he was not under arrest. *Id.* at *6. In contrast, a motion to suppress statements form the defendant who was handcuffed, separated from his family, taken to a room in his house, and had his handcuffs removed before questioning was granted even though the officers stated that the interview was "non-custodial" and that the defendant could get something to eat and drink and could use the bathroom during the interview. The court held that telling the defendant that the interview was "non-custodial" was not the equivalent of telling him that he could terminate the interview and leave. *Cavazos*, 668 F.3d at 195.

Here, although Movant was handcuffed, the handcuffs were removed as the officers were leaving. The detective asked if he would consent to going to the police station with them, and he agreed. At the station, he was told that he was free to leave. Under these facts, counsel could have reasonably believed that the court would find that the questioning was non-custodial and did not violate Movant's rights. *See Teer*, at *6; *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (counsel not ineffective for failing to raise a meritless issue).

Counsel could also have chosen not to file a motion to suppress as a matter of strategy because there was strong evidence of his guilt other than his confession, Movant wanted to plead guilty, and the plea agreement limited his sentencing exposure to the one charged offense.

**B.    Search**

Movant contends that counsel should have filed a motion to suppress evidence obtained during the search because the search warrant was not presented to him or the property owner before or during the search in violation of the Fourth Amendment and Rule 41 of the Federal Rules of Criminal Procedure. The warrant and receipt for the seized items were left at the property when the search was concluded.

Rule 41(f)(3) provides that "[t]he officer executing the warrant must: (A) give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken; or (B) leave a copy of the warrant and receipt at the place where the officer took the property."

Neither the Fourth Amendment nor Rule 41 requires the executing officer to serve a search warrant on the owner before beginning the search. *United States v. Grubbs*, 547 U.S. 90, 98-99 (2006). Counsel was not ineffective for failing to file a motion to suppress on that basis. *See United States v. Childs*, No. 3:12-CV-1405, 2012 WL 7801603 at *3 (N.D. Tex. Nov. 19, 2012), *rec. accepted*, 2013 WL 1197745 (N.D. Tex. Mar. 22, 2013) (counsel not ineffective for failing to file a motion to suppress based on the officer's failure to present a search warrant before conducting the search).

**C.    Jurisdiction**

Movant contends that counsel was ineffective for waiving indictment because the federal government had no jurisdiction over the state government's unreliable evidence. It appears that he

argues that there was no jurisdiction because the evidence was gathered by state officers before federal authorities became involved.

The right to indictment was waived by Movant, not counsel. Movant executed a waiver of indictment in which he stated that he understood his right to indictment by a grand jury and the consequences of waiving that right, and that he voluntarily and knowingly waived the right. (*See* doc. 3.) As for his jurisdictional argument, "the Federal Government can prosecute crimes ... even if the crime was investigated by state or local officers." *United States v. Jackson*, No. 1:11-CR-10006, 2014 WL 1386397 at *6 (W.D. Ark. Apr. 9, 2014). Counsel was not ineffective for allowing Movant to waive indictment or for not objecting to the lack of jurisdiction. *See Kimler*, 167 F.3d at 893; *see also Koch*, 907 F.2d at 527) ("counsel is not required to make futile motions or objections").

### D. Plea Agreement for Lesser Offense

Movant contends that counsel failed to pursue and secure a plea agreement for a lesser offense of possession or receipt of child pornography, and that he was improperly charged with transporting or shipping child pornography. He asserts that counsel should have hired a forensic computer expert to show that the government lacked sufficient evidence to charge him with distribution. He also claims that he was treated differently than similarly situated defendants who were allowed to plead guilty to a reduced charge of possession or receipt of child pornography. (*See* 3:16-CV-52-B, doc. 11 at 16-19.)

There is no constitutional right to be offered a plea agreement. *Missouri v. Frye*, 566 U.S. 133, 148 (2012). Movant has not shown that the government would have offered a plea agreement for a lesser offense if counsel had sought one. *See United States v. Johnson*, No. 4:14–CV–196, 2014 WL 1930220 at *4 (N.D. Tex. May 14, 2014) (citing *Wolfe v. Dretke*, 116 F. App'x 487, 495

(5th Cir. 2004) ("The district court also applied well-established principles to [the] complaint that [counsel] failed to negotiate a plea bargain agreement. Specifically, the district court concluded that [the defendant] could not prove prejudice because he did not establish that the State would have offered a plea bargain even if [counsel] had pursued one.")).

Regarding the propriety of the charged offense, Movant admitted that he knowingly transported, attempted to transport, and shipped child pornography and that he was aware that others could download child pornography from his shared folder. He has not shown that the charged offense lacked any basis. He has not identified a forensics computer expert or shown that an expert would have concluded that he did not distribute child pornography. *See Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009).

Regarding other defendants who were allowed to plead guilty to a reduced charge, a prosecutor has discretion in deciding whether to prosecute and what charges to bring. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The decision cannot be based on an unjustifiable standard such as race, religion, or other arbitrary classification. *Id.* Movant has not shown that the decision to prosecute him for the charged offense was based on any unjustifiable standard. Although he argues that other defendants who pled guilty to reduced charges were similarly situated, he has not made that showing.

Movant has not shown deficient performance or prejudice for this claim.

### E. <u>Perjured Testimony; Facts in PSR</u>

Movant contends that counsel failed to object to perjured testimony during the sentencing hearing and to have information corrected in the factual resume and PSR.

#### 1. *Perjury*

Movant asserts that the detective falsely testified that Movant was one of the largest

collectors and distributors of child pornography in the nation. (*See* 3:16-CV-52-B, doc. 11 at 21.) The detective testified that Movant was the number two downloader in the state, and the number ten downloader nationally on a particular network at the time of the search warrant. The prosecutor clarified that the ranking was for all downloading, not just for downloading child pornography. Movant has not shown that the detective's testimony was false. On cross-examination of the detective, counsel emphasized that Movant only used one peer-to-peer network, and that it was possible to download hundreds of images in a short period of time. (*See* doc. 50 at 62-64.) Counsel was not deficient for failing to raise a meritless claim that the detective committed perjury. *See Kimler*, 167 F.3d at 893; *see also Koch*, 907 F.2d at 527.

      **2.** *Factual resume and PSR*

Movant contends that the factual resume and PSR incorrectly stated that he sought, received, and possessed images and videos that included bondage and other sadistic acts involving minors. He agreed to the facts set out in the factual resume, and when he pled guilty, he admitted that the facts in the factual resume were true. (*See* docs. 5 at 1, 48 at 31.) He has not overcome the "strong presumption of verity" accorded "solemn declarations" made in open court and "great weight" accorded court records. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Counsel was not deficient for failing to raise a meritless claim that the factual resume and PSR were incorrect. *See Kimler*, 167 F.3d at 893; *see also Koch*, 907 F.2d at 527.

## IV. SENTENCING

Movant contends that the court violated his right to due process by considering the sentencing guidelines to be mandatory, and that it failed to properly consider and balance the sentencing factors.

The sentencing guidelines are advisory and not mandatory after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Clay*, 787 F.3d 328, 330-31 (5th Cir. 2015). Movant has not shown that the court considered that the guidelines were mandatory, and it stated that it considered the sentencing factors under 18 U.S.C. § 3553. (*See* doc. 50 at 72.)

Movant also claims that the court engaged in impermissible double counting when it enhanced the sentence by two levels under USSG § 3A1.1(b). This claim is not cognizable. "A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VI. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 26th day of February, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE